Nick A. HAYES, Plaintiff–Appellant,

v.

Robert KNODEL; et al., Defendants–Appellees.

No. 03–35490.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 24, 2004.

Nick A. Hayes, Umatilla, OR, pro se.

Lynn D. Larsen, Lynne D. Rennick, Esq., AGOR—Office of the Oregon, Attorney General, Timothy A. Sylwester, Esq., Office of the Attorney General, Salem, OR, for Defendants–Appellees.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

## MEMORANDUM **

Oregon state prisoner Nick A. Hayes appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging prison officials violated his constitutional rights by confiscating a money order. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Bruce v. Ylst,* 351 F.3d 1283, 1287 (9th Cir.2003), and we affirm.

The district court properly determined that Hayes's due process claim for property loss was not cognizable pursuant to section 1983 because Hayes had an adequate state law remedy under the Oregon Tort Claims Act. *See Hudson v. Palmer,* 468 U.S. 517, 531–33, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).

To the extent Hayes alleges that defendants denied him due process during the course of his disciplinary hearing, the district court properly granted summary judgment because Hayes failed to demonstrate that defendants were responsible for the disciplinary procedure or sanction. *See Redman v. County of San Diego,* 942 F.2d 1435, 1439–40 (9th Cir.1991) (en banc).

Hayes' remaining contentions lack merit.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

